Dear Mr. Labat:
On behalf of the Terrebonne Parish Council, you have requested an opinion of this office regarding the requirement that each member on the Board of the Village East Fire Protection District in Terrebonne Parish be "a resident property tax payer of the district." La.R.S. 40:1496(D)(1). You ask whether this qualification requires the board member to own real estate in the district or whether a mobile home on a rented or leased lot is sufficient to satisfy La.R.S. 40:1496(D)(1). You also ask whether a cooperative endeavor agreement between the volunteer fire fighters and the Village East Fire Protection District regarding the use of the fire hall is permissible.
La. Atty. Gen. Op. Nos. 01-02 and 89-173 concluded that under La.R.S. 40:1496, a prospective member of a fire protection district is a "resident property tax payer of the district" if he either pays or is liable for ad valorem taxes in the district. Ad valorem taxes are provided for in La.Const art. VII, sect. 18(B). The following property is subject to ad valorem taxation: (i)land; (ii) improvements for residential purposes; (iii) electric cooperative property, excluding land; (iv) public service properties, excluding land; and (v) other property. A mobile home is subject to ad valorem taxation as an improvement for residential purposes.
In La. Atty. Gen. Op. No. 89-173, this office reviewed La.R.S. 40:1496(D)(1) and concluded that a member of the board of commissioners of a fire protection district must be a resident homeowner within the fire protection district, whether or not he actually pays ad valorem taxes on his home. The opinion addressed a situation where the prospective board member owned property in the district, but *Page 2 
did not have to pay any ad valorem taxes on it due to a homestead exemption. The opinion concluded that a taxpayer who lawfully reduces his tax liability was nonetheless still a taxpayer.
Similarly, if a person who owns a mobile home on leased land qualifies, he may reduce his ad valorem tax liability pursuant to La.R.S. 47:1710, which provides:
§ 1710. Homestead exemption; residential lessees; tax credits
A. The purpose of this Section is to partially implement the provisions of Article VII, Section 20(B) of the Constitution of Louisiana relative to the providing of tax relief to residential lessees in order to provide equitable tax relief similar to that granted to homeowners through homestead exemptions.
B. For purposes herein, a residential lessee is defined as a person who owns and occupies a residence, including mobile homes, but does not own the land upon which the residence is situated.
C. A residential lessee shall be entitled to a credit against any ad valorem tax imposed relative to the residence property, in an amount equal to the amount of tax applicable on property with an assessed valuation of seven thousand five hundred dollars or the actual amount of tax, whichever is less, provided the residential lessee is not otherwise entitled to the homestead exemption.
Regardless of whether the mobile home owner pays ad valorem taxes, pays a reduced amount of tax, or is exempt from the payment thereof pursuant to La.R.S. 47:1710, he is still considered "a resident property tax payer of the district" for purposes of La.R.S. 40:1496(D)(1). Therefore, it is the opinion of this office that a prospective member of the board of commissioners of a fire protection district who owns a mobile home on leased property within the district meets the qualification set forth in La.R.S. 40:1496(D)(1) that he be "a resident property tax payer of the district."
Next, you have asked for our opinion regarding a possible cooperative endeavor agreement between the volunteer fire fighters and the Village East Fire Protection District regarding the use of the fire district hall. The fire district hall, which is connected to the fire station, was constructed by the volunteer fire fighters. The buildings are now maintained by the fire district. Under the proposed cooperative endeavor agreement, the volunteer fire fighters would be allowed to use the fire hall for socials or fund raisers provided that the fire district would be reimbursed for the cost of utilities, clean up, and any other incidental costs associated with use of the fire hall. Additionally, any funds generated would go to further promote fire protection in the district. No event held at the fire hall would result in public funds being spent for a non-public purpose because all costs would be reimbursed. *Page 3 
Cooperative endeavor agreements are authorized by La.Const. art. VII, Sec. 14(C), which provides:
For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Section (C) merely supplements the prohibition against gratuitous donations contained in section (A) of La.Const. art. VII, Sec. 14. It does not create an exception or exemption from the general constitutional norm. Therefore, even though the expenditure of public funds and transfer of public property is being done pursuant to a cooperative endeavor agreement, the expenditure still must be examined in light of La.Const. art. VII, § 14(A), which provides, in pertinent part, as follows:
Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
In the seminal case interpreting La.Const. art. VII, Sec. 14(A), the Louisiana Supreme Court held that this provision "is violated when public funds or property are gratuitously alienated." Boardof Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11, 20 (the "Cabela's" case). In light of theCabela's case, it is necessary that the public entity spending public funds be able to show it has the legal authority to make the expenditure and: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
We see no problem with the proposed cooperative endeavor agreement. The socials or fundraisers will each result in revenue that will be used to promote fire protection. Further, the fire district will not be out any cost by allowing the volunteer fire fighters to use the fire hall as the fire district will be reimbursed for the cost of utilities, clean up, and any other incidental costs associated with use of the fire hall. Accordingly, it is the opinion of this office that the proposed cooperative endeavor agreement is permissible. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt